UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Carroll<br>3328 17th Street, NW<br>Washington, DC 20010,<br><br>  And<br><br>Monica Carroll<br>3328 17th Street, NW<br>Washington, DC 20010,<br><br>  Plaintiffs,<br><br>  v.<br><br>Freemont Investment & Loan<br>1401 Willow Pass Road, Suite 50<br>Concord, CA 94520,<br><br>  <u>Serve</u>: Registered Agent<br>  CT Corporation Systems<br>  1015 15th Street, NW<br>  Washington, DC 20005<br><br>  And<br><br>Smith-Myers Corporation<br>9200 Basil Court, Suite 100<br>Upper Marlboro, MD 20774,<br><br>  <u>Serve</u>: Registered Agent<br>  Remilekun Duyile<br>  6012 Queens Chapel Road<br>  Hyattsville, MD 20782 | **Demand Jury Trial** |

|                                                      |   |
|------------------------------------------------------|---|
| <u>And</u>                                           | ) |
|                                                      | ) |
| Frank Okebugwu                                       | ) |
| c/o Smith-Myers Corporation                          | ) |
| 9200 Basil Court, Suite 100                          | ) |
| Upper Marlboro, MD 20774,                            | ) |
|                                                      | ) |
| <u>            Defendants.  </u>                     | ) |
|                                                      | ) |

**COMPLAINT**
**(Action for Monetary and Equitable Relief)**

<u>PRELIMINARY STATEMENT</u>

Plaintiffs, Robert Carroll and Monica Carroll, for their complaint allege:

1. This Complaint is filed by Plaintiffs Robert Carroll and Monica Carroll, who are father and daughter, under the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601- 661j ("TLA"), which is contained in title I of the Consumer Credit Protection Act, as amended; and the implementing regulation issued by the Board of Governors of the Federal Reserve, known as "Regulation Z,"16 C. F. R. § 226.4, the corollary District of Columbia statute, D.C. Code § 28-3301, and the District of Columbia Consumer Protection and Procedures Act ("DCPPA"), D.C. Code §§ 28-3901 to -3911 (a comprehensive statute designed to provide procedures and remedies for a broad range fo practices that injure consumers), and torts under common law of fraud and negligence. Plaintiff seeks statutory damages under TILA, 15 U.S.C. § 1640.

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over action under 28 U.S.C. §§ 1331 (federal question), § 1332 (diversity), § 1337(a), in that the Carrolls are residents of the District of Columbia, Fremont Investment is a California corporation which is a resident of the State of California where it has its principal place of business, and Okebugwu is a resident of the State of Maryland. The Court has personal jurisdiction over the non-resident Defendants under the District of Columbia long-arm statute, D.C. Code § 13-423.

3.      Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b) and (c).

PLAINTIFFS

4.      Plaintiff **Robert Carroll** has at all times material to this complaint has resided and been domiciled in District of Columbia, and is the owner by "joint tenancy" of the residential property and improvements located at 3328 17th Street, NW, Washington, DC 20010, under a Deed of Trust of 7/15/92, and recorded as Lot 663 in Square 2612 in a subdivision made by Chapin Brown, as per plat recorded in Liber No. 47 at folio 133 among the Records of the Office of Surveyor of the District of Columbia.  The "joint tenancy" consists of Robert Carroll, and his daughters Monica Carroll and Annette Carroll.

5.      Plaintiff **Monica Carroll** has at all times material to this complaint has resided and been domiciled in District of Columbia, and is the owner by "joint tenancy" of the residential property and improvements located at 3328 17th Street, NW, Washington, DC 20010,

under a Deed of Trust of 7/15/92, and recorded as Lot 663 in Square 2612 in a subdivision made by Chapin Brown, as per plat recorded in Liber No. 47 at folio 133 among the Records of the Office of Surveyor of the District of Columbia.

## DEFENDANTS

6.  Defendant **Fremont Investment & Loan** is a federally chartered savings and loan that has its principal place of business in California, is organized under the laws of the State of California, and it is authorized to do business in the District of Columbia.

7.  Defendant **Smith-Myers Corporation**, was originally formed under Maryland law as "Premier Mortgage Solutions, Inc." on August 4, 2003, and changed its name to "Smith Myers Corporation" on April 20, 2006, and its trade name is "Smith-Myers Mortgage Group."At all times material to this complaint, its principal place of business has been 6012 Queens Chapel Road, Hyattsville, MD 20782. The owner of Smith-Myers Corporation is Jeffrey Smith. The owner of Premier Mortgage Solutions were Remilekun Duyile and Waleola Duyile. At all times material to this complaint, Smith-Myers was a mortgage broker licensed under Maryland Mortgage Lender law, MD Code. Ann. [Financial Institutions] § 11-501 *et seq.*, and under District of Columbia law, D.C. Code Mun. Regs., Tit. 26A, § 1100.

8.  Defendant **Frank Okebugwu** is, based on information and belief, a resident of the State of Maryland. Okebugwu is a mortgage agent who was employed by American Residential Funding Services and Smith-Myers Corporation at all times material to this complaint. The Carrolls were clients of Okebugwu and he acted as their mortgage broker. He

personally provided the mortgage brokerage services that are material to the claims in this Complaint. At all times material to this complaint, Okebugwu was not licensed as a mortgage agent as required by District of Columbia law.

## FACTUAL ALLEGATIONS

*Sub-prime Loan Defined*

9.  Plaintiff was relegated to the financing his home mortgage in the sub-prime market. A sub-prime loan is made to borrowers who have a FICA score of 660 or below; at least two 30-day delinquencies in the past year, a debt service-to-income ratio of 50% or more; a declaration of bankruptcy within the past 5 years; or a foreclosure, repossession, or charge off in the preceding 24 months. The populations most victimized by predatory lending in the sub-prime market are minority and low income families.  The *Washington Post* of 12/07/04 reported that sub-prime lending is the fastest growing part of the mortgage industry and that between 1994 and 2003, it grew at an average rate of 25% a year. In the District of Columbia, according to the Mortgage Bankers Association, sub-prime loans accounted for 4.5% of all mortgages, compared to 8.1% in Maryland.

*Home Mortgage Refinancing*

10.  On June 24, 2002, Carroll replaced the existing mortgage on the home with a loan from Wells Fargo.

11.  On January 5, 2004, Carroll replaced the existing Wells Fargo mortgage on the

home with a mortgage from Anyloan, Inc.

12. On September 23, 2005, Carroll replaced the existing Anyloan, Inc. mortgage with a loan from Freemont Investment & Loan..

13. Freemont Investment & Loan is the current mortgagee or mortgage lender. Fremont Investment is a sub-prime lender. The residential home mortgage at issue here was generated in the sub-prime market.

*Mortgage Broker*

14. Smith-Myers is mortgage broker and Okebugwu is one of its agent- brokers.

15. Okebugwu misrepresented to the Carrolls, among other things, that the Fremont loan did not require a prepayment penalty when he knew that it did.

16. Okebugwu misrepresented to the Carrolls that the monthly mortgage payments would be no more than $2,500 when he knew that they would exceed $2,700.

17. Okebugwu knowingly failed to disclose to the Carrolls that the loan would be documented on a "stated income" basis, that this procedure would increase the annual interest rate by .25% or .50%, that they the "stated income" method was not only inappropriate but unnecessary.

18. Okebugwu failed to disclose to the Carrolls that he was not a licensed mortgage broker under District of Columbia law.

19. On September 22, 2006, Plaintiffs served on Fremont by hand delivery through Federal Express, notice of intent to seek rescission.

20. Because of Defendants' improper conduct, Plaintiffs' home is encumbered by a high cost loan that imposes terms that cannot be satisfied.

21. Had Plaintiffs known and understood the true and accurate material terms of the loan they would not have entered the transaction.

22. The loan contains numerous and unreasonable costs, and Fremont and Smith-Myers knew or should have known that Plaintiffs could not afford these costs and that the loan was unconscionable Defendant knew that Plaintiffs are black, Robert Carroll is retired and in his mid-70s. Because of the age of Robert Carroll and Monica Carroll's disability of extreme dyslexia, they knowingly took advantage of them, and placed them in a sub-prime loan that was unconscionable. Defendants actions complained of here violated the civil rights of Plaintiffs because of discrimination on the basis of race and age, in violation of federal and District of Columbia law.

## COUNT I

(*Damages and Rescission Under TILA Against Fremont Investment*)

23. Plaintiffs repeats and incorporates by reference each of the allegations and statements set forth in paragraphs 1 through 22.

24. Plaintiffs gave timely written notice of their intent to rescind under TILA and Regulation Z of the loan from Fremont.

25. Plaintiffs rights were violated under TILA, entitling them to statutory damages

## COUNT II

(*Treble Damages Under DCCPPA Against Fremont, Smith-Myer and Okebugwu*)

25. Plaintiff repeats and incorporates by reference each and every allegation set out in paragraphs 1 through 24.

26. The purpose of the DCCPPA is to protect consumers from unfair and misleading business practices and to provide consumers with proper redress of grievances.

27. The DCCPPA applies to credit loans secured by residential property and to the provision of settlement services.

28. Under the DCCPPA, an aggrieved consumer who suffered damages as a result of violation of the DCCPPA, can bring an action and recover treble damages, punitive damages, the award of reasonable attorney's fees and costs and other relief.

29. Under the DCCPPA, a misrepresentation of a material fact that has the tendency to mislead a consumer, or the failure to state a material fact is such failure tends to mislead.

30. Under the District of Columbia Mortgage Lender and Broker Act of 1996, the lender and the loan broker are obligated to provide to the borrower a financing agreement executed by the lender at least 72 hours before the settlement, disclosing, among other things, all points and fees to be paid by the borrower. D.C. Code § 26-1113(a)(2)(D) and § 26-1113(b)(1)[formerly codified at § 26-1013). The purpose of this Act is to prevent unfair and misleading business practices and to supplement the disclosures of estimated settlement required under federal law, by affording borrowers at least three days before settlement the opportunity to

review a binding commitment that discloses all points and fees and limits those that may be charges at settlement to those that are stated in the financing agreement.

31. Smith-Myers failed to comply with the D.C. Mortgage Lender and Broker Act when it failed to disclose all points and fees. A licensee may only accept an application for a loan by telephone at the borrower's request.

32. It is a violation of the DCPPA, "whether or not the consumer borrower is in fact misled, deceived or damaged thereby, for any person...(r) to make or enforce unconscionable terms or provisions[.]" And in applying this subsection, among other factors consideration is to be given to "(1) knowledge by the person at the time credit sales are consummated that there was no reasonable probability of payment in full of the obligation by the consumer." Consideration must also be given to knowledge "(5) that the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reason of age, physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement, or similar factors."

33. Defendants violated the prohibition against unconscionable terms under the DCPPA, D.C. Code 28-3904(r), in that, inter alia: took advantage of Robert Carroll's age, infirmities, and lack of sophistication;  took advantage of Monica and Annette Carroll's age, infirmities, and lack of sophistication; processed, approved and finalized a loan to Monica and Robert Carroll with knowledge that there was no reasonable probability that Monica and Robert Carroll would be able to repay; made the loan in furtherance of a pattern and practice of

extending residential mortgage loans to consumers without regard to the consumer's ability to repay.

34.     Defendants' acts complained of here are unfair and deceptive trade practices within the meaning of the DCPPA, entitling Plaintiff to treble damages, or $1,500 per violation, whichever is greater, reasonable attorney's fees, and punitive damages, as well as an injunction against the unlawful trade practice and any other relief the court deems appropriate. D.C. Code § 28-3904(k)(1).

35.     Defendants' acts were the direct and proximate cause of Plaintiff's injuries that include humiliation, pain, suffering and embarrassment.

36.     Defendants' acts in violation of the DCPPA were egregious, outrageous, acted with evil motive, acted with actual malice or in willful disregard for the rights of plaintiff, acted with wilful motive, intentional, willful and wanton and justify the imposition of punitive damages and trebling.

WHEREFORE

1.     Under Count I for violation of the TILA, Plaintiffs pray that judgment be entered against Fremont and that Plaintiffs be awarded rescission and statutory damages;

2.     Under Count II for violation of the DCPPA, Plaintiffs pray that judgment be entered against Fremont, Smith-Myers and Okebugwu, jointly and severally, for compensatory damages of $10,000, punitive damages of $30,000, and treble the amount of damages actually awarded;

4.  Award reasonable attorney's fees and costs under the fee shifting provisions of the federal and District of Columbia statutes, and costs; and

5.  Award such further and additional relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: September 26, 2006

_____/s/_____
C. Michael Tarone, D.C. Bar # 159228
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC 20006

Tel. (202) 293-3200
Fax (202)429-1851)

Counsel for Plaintiffs

ROBERT CARROLL
MONICA CARROLL

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of law.

_____/s/_____
C. Michael Tarone